**Blank Rome LLP**
Evan J. Zucker
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5207 (Phone)
(212) 885-5001 (Fax)
EZucker@BlankRome.com

*Attorneys for Defendants Hampshire Brands, Inc.*
*and Hampshire Group, Limited*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ONEWOO CORPORATION and V.J.ONE CORPORATION,<br><br>         Plaintiffs,<br><br>     v.<br><br>HAMPSHIRE BRANDS, INC., HAMPSHIRE GROUP, LIMITED, PAUL BUXBAUM and WILLIAM DROZDOWSKI,<br><br>         Defendants. | Adversary Proceeding No. |

**NOTICE OF REMOVAL**

  PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, defendants Hampshire Brands, Inc. and Hampshire Group, Limited (collectively "Hampshire") hereby remove this action from the United States District Court for the Southern District of New York ("District Court"), Case No. 1:16-cv-4623 ("Removed Action") to the United States Bankruptcy Court for the Southern District of New York and, upon such removal, request that the action be transferred to the United States Bankruptcy

Court for the District of Delaware ("Delaware Bankruptcy Court") pursuant to the motion to transfer venue contemporaneously filed herewith.

**Papers from the Removed Action**

1. As required by Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, copies of all process and pleadings from the District Court docket in the Removed Action as of the time of the filing of this Notice are attached hereto as Exhibits 1 – 64. A copy of the current District Court docket is attached hereto as Exhibit 65.

**Timeliness**

2. Pursuant to Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure, this Notice of Removal is timely because it is being filed within 90 days of November 23, 2016, when Hampshire filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Delaware Bankruptcy Court.

**Nature of this Proceeding**

3. The Removed Action is related to Hampshire's jointly administered chapter 11 cases currently pending in the Delaware Bankruptcy Court under the caption *In re Hampshire Group, Limited*, et al., Case No. 16-12634 (BLS) (Bankr. D. Del.) ("Delaware Bankruptcy Case"). Onewoo Corporation and V.J.One Corporation ("Plaintiffs") are unsecured creditors of Hampshire (albeit disputed ones). By the Removed Action, Plaintiffs seek to collect on unsecured debt allegedly owed by Hampshire and also seek to recover that same monetary amount, through theories of fraud and misrepresentation, from the two individual defendants[1] named in the Removed Action. Accordingly, any adjudication of the Removed Action relates to the Delaware

---

[1] Paul Buxbaum ("Buxbaum") is the Chairman, President and Chief Executive Officer of Hampshire Group, Limited and Hampshire Brands, Inc.. William Drozdowski ("Drozdowski") is Hampshire's Interim Chief Financial Officer and Secretary and is a director of Hampshire Brands, Inc. (together with Buxbaum, "Non-Debtor Defendants").

Bankruptcy Case because it will conceivably impact the handling and administration of the bankruptcy estates. First, Hampshire in all likelihood owes indemnification obligations to the Non-Debtor Defendants under the applicable corporate documents and other related agreements. Equally important, any decision against the Non-Debtor Defendants (however unlikely) could give rise to claim and issue preclusion and other res judicata and collateral estoppel arguments with respect to similar claims asserted against Hampshire in the Delaware Bankruptcy Case.

4. Concurrent with the filing of this Notice of Removal, Hampshire is filing a motion to transfer venue to the Delaware Bankruptcy Court in order to efficiently adjudicate the Removed Action with the Delaware Bankruptcy Case.

**The Parties**

5. Plaintiffs are Korean corporations that manufacture and export clothing. Their principal place of business is in Seoul, Korea.

6. Hampshire Brands, Inc. and Hampshire Group, Limited are Delaware corporations with their principal place of business in South Carolina. Hampshire Brands, Inc. is a wholly-owned subsidiary of Hampshire Group, Limited. Hampshire specializes in designing and marketing men's sportswear to department stores, chain stores, and mass market retailers under licensed brands, their own proprietary brands, and the private labels of customers.

7. Buxbaum serves as the Chairman, President, and Chief Executive Officer of Hampshire.

8. Drozdowski serves as the Interim Chief Financial Officer of Hampshire and is a member of the board of directors of Hampshire Brands, Inc.

9. The Non-Debtor Defendants have advised Hampshire that they consent to the removal of the Removed Actions to this Court and to the transfer of venue from this Court to the Delaware Bankruptcy Court.

**The Removed Action and the Delaware Bankruptcy Case**

10. Plaintiffs are disputed unsecured creditors of Hampshire. Plaintiffs allegedly sold 500,000 units of merchandise to Hampshire and claim that Hampshire has failed to pay Plaintiffs on account of this merchandise. They also seek the same monetary amount from the Non-Debtor Defendants under theories of fraud and misrepresentation. Plaintiffs filed the Removed Action on June 17, 2016, in an attempt to collect on this alleged unsecured debt. The Removed Action, which is currently stayed[2], has not progressed beyond the discovery phase.

11. Starting in June of 2016, Hampshire attempted to engage in an out-of-court orderly liquidation and wind-down of its business. This wind-down was jeopardized by the Removed Action and, on November 23, 2016 (the "Petition Date"), Hampshire and its affiliate filed voluntary Chapter 11 petitions commencing the Delaware Bankruptcy Case. As of the Petition Date, Hampshire owed approximately $7,400,000 to its senior secured lender and its books and records reflect approximately $15,000,000 in unsecured liabilities.

**Entitlement to Removal to the Bankruptcy Court for the Southern District of New York**

12. Pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [Title 28]." Furthermore, under Rule 9027 of the Federal Rules of Bankruptcy Procedure, a notice of removal is filed "with the

---

[2] The Removed Action is automatically stayed as to Hampshire pursuant to 11 U.S.C. § 362. By order of the Delaware Bankruptcy Court, the Removed Action is also stayed as to the Non-Debtor Defendants through and including January 31, 2017, unless further extended. *See* Delaware Bankruptcy Case, 16-12634 (BLS), Docket No. 87.

-4-

clerk of the district and division within which is located the state or federal court where the civil action is pending."

13. 28 U.S.C. § 1334(b) provides that district courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Each district court is empowered to "provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). In this District, a Standing Order of Reference refers all such cases to the Bankruptcy Court by default. *See* Am. Standing Order of Ref. 1, *In the Matter of Standing Order of Reference re Title 11*, No. 12 MISC 00032 (S.D.N.Y. Feb. 1, 2012).

14. A civil proceeding "arising in . . . a case under title 11" is a "core proceeding" over which the Bankruptcy Court has plenary jurisdiction. *Baker v. Simpson*, 613 F.3d 346, 350 (2d Cir. 2010), *cert. denied*, 562 U.S. 1149 (2011); *see* 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."). By statute, core proceedings include, but are not limited to, "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate." When determining whether a contract dispute is a core proceeding, the court looks at "(1) whether the contract is antecedent to the reorganization petition; and (2) the degree to which the proceeding is independent of the reorganization." *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 448 (2d Cir. 2005). Furthermore, the court will look at the nature of the proceeding, and may determine the proceeding is a core proceeding if either (1) the type of proceeding is unique to or uniquely affected by the bankruptcy proceedings or (2) the proceedings directly affect a core bankruptcy function." *Id.*

15. A civil proceeding is "related to . . . a case under title 11" if "the action's outcome might have any conceivable effect on the bankrupt estate. Thus, an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Del. Trust Co. v. Wilmington Trust, N.A.*, 534 B.R. 500, 511 (S.D.NY 2015) (internal citations omitted); *see also In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 114 (2d Cir. 1992); *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984).

16. A district court case may be "removed" to the bankruptcy court of that district. *See MATV-Cable Satellite, Inc. v. Leasing, Inc.*, 159 B.R. 56, 59 (S.D. Fla 1993) (noting that Rule 9027(a)(1) contemplates removal of district court actions); *In re Philadelphia Gold Corp.*, 56 B.R. 87, 90 (E.D. Pa. 1985) (finding that removal of district court case to bankruptcy court was proper); *see also Harve Benard LTD., v. Nathan Rothschild, K.I.D. Int'l, Inc.*, No. 02-Civ.-4033 (JGK), 2003 WL 367859 (S.D.N.Y. Feb. 19, 2003); *but see*, *Doyle v. Mellon Bank, N.A.*, 307 B.R. 462 (E.D. Pa. 2004). As the court in *MATV-Cable* explained, there are two methods of moving a case from district court to bankruptcy court, removal or referral:

> … bankruptcy related cases filed in the district court do not walk home each night. How do they get to the bankruptcy court? Removal is one way. A motion to refer or to implement the existing referral is another. The advantage of removal is that the case moves to bankruptcy court within a few days of the filing for removal under Fed. R. Bankr. P. 9027. The disadvantage of filing a motion to refer or to implement referral in the district court is that our district judges are hugely overburdened, primarily by their criminal cases, which are under intense time constraints and which do not permit the assignment of the priority to bankruptcy related cases that the bankruptcy litigants might like.

*MATV-Cable*, 159 B.R. at 60. Accordingly, "removal" is a proper method to move a district court case to the bankruptcy court because Rule 9027 allows the removal of any action pending before a federal court. *See* Fed. R. Bankr. P. 9027 ("notice of removal shall be filed with the clerk of the

district and division within which is located the state *or federal court* where the civil action is pending") (emphasis added).

17. Assuming a grant of the venue transfer motion, the Delaware Bankruptcy Court will have jurisdiction over the Removed Action because it arises out of and is related to the Delaware Bankruptcy Case. While the Removed Action was filed before the commencement of the Delaware Bankruptcy Case, Plaintiffs' potential recovery is directly tied to the claims allowance and distribution functions of the bankruptcy proceedings. Specifically, the validity, priority and extent of Plaintiffs' general unsecured claims (if any) against Hampshire will be determined in accordance with the Bankruptcy Code and any distributions they might receive on account of any allowed claims will be governed by the claims reconciliation process. As such, the outcome of the Removed Action may impact recoveries to Hampshire's other creditors because any distributions made to Plaintiffs will reduce the amounts available for other creditors. Furthermore, Hampshire is required to indemnify, defend and hold harmless the Non-Debtor Defendants and to advance the costs of the Non-Debtor Defendants' defense, subject to certain limitations, with respect to the Removed Action so any judgment against the Non-Debtor Defendants will, in turn, likely become a claim against Hampshire.

18. Even more importantly, if the Removed Action were to proceed in District Court against the Non-Debtor Defendants, Hampshire might be faced with res judicata, collateral estoppel and/or issue and claim preclusion arguments during any contested matter involving Plaintiffs' disputed unsecured claims against Hampshire. Accordingly, absent removal, there is the potential for adverse consequences to a core bankruptcy function – the claims allowance process. Removal is also necessary here to prevent inconsistent rulings in this regard.

19.     Additionally, the Delaware Bankruptcy Court will have jurisdiction because the Removed Action is related to the Delaware Bankruptcy Case. For the reasons discussed above, any adjudication of the Removed Action will have a "conceivable effect" on the bankruptcy estates.[3] Plaintiffs brought the Removed Action in an effort to collect on a purported unsecured debt owed by Hampshire and also seek to recover damages from the Non-Debtor Defendants, both of whom have been indemnified by Hampshire. Therefore, any adjudication of the Removed Action will affect Hampshire's liabilities and will impact the administration of the estates.

**Filing of Removal Papers**

20.     Pursuant to Rule 9027(c), written notice will be served upon Plaintiffs through their counsel of record and a copy of this Notice of Removal will be filed with the District Court.

---

[3] Hampshire consents to the entry of final orders or judgment by the Delaware Bankruptcy Court. *See* Fed. R. Bankr. P. 9027(a)(1).

WHEREFORE, Hampshire hereby removes the Removed Action from the United States District Court for the Southern District of New York to the United States Bankruptcy Court for the Southern District of New York and, upon such removal, respectfully requests that the Removed Action be transferred promptly to the United States Bankruptcy Court for the District of Delaware.

Respectfully Submitted,

**BLANK ROME LLP**

Dated:  January 19, 2017

*/s/ Evan J. Zucker*
Evan J. Zucker
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
(212) 885-5207 (Phone)
(212) 885-5001 (Fax)
EZucker@BlankRome.com

Leon R. Barson (*pro hac vice* admission pending)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
(215) 569-5576 (Phone)
(215) 832-5576 (Fax)
LBarson@BlankRome.com

*Attorneys for Defendants Hampshire Brands, Inc. and Hampshire Group, Limited*