**Hearing Date: TBD**
**Objection Deadline: TBD**

**Blank Rome LLP**
Evan J. Zucker
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(215) 885-5207 (Phone)
(215) 885-5001 (Fax)
EZucker@BlankRome.com

*Attorneys for Defendants Hampshire Brands, Inc. and Hampshire Group, Limited*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ONEWOO CORPORATION and V.J.ONE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HAMPSHIRE BRANDS, INC., HAMPSHIRE GROUP, LIMITED, PAUL BUXBAUM and WILLIAM DROZDOWSKI,<br><br>Defendants. | Adversary Proceeding No. 17-01008 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HAMPSHIRE BRANDS, INC. AND HAMPSHIRE GROUP, LIMITED TO TRANSFER ACTION TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

# TABLE OF CONTENTS


**Page**

**PRELIMINARY STATEMENT** .......... 1

- **A.** The Parties .......... 2
- **B.** The Removed Action .......... 3
- **C.** The Pending Bankruptcy Cases .......... 4
- **D.** Removal to this Court .......... 5

**ARGUMENT** .......... 5

- **A.** Legal Standard .......... 5
- **B.** This Action Should Be Transferred To The Delaware Bankruptcy Court In The Interest Of Justice And For The Convenience Of All Parties Impacted .......... 8

**CONCLUSION** .......... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burns v. Grupo Mex. S.A. de C.V.*,
2007 U.S. Dist. LEXIS 84514 (S.D.N.Y. Nov. 16, 2007) ....................10

*Capmark Fin. Grp., Inc. v. Goldman Sachs Credit L.P.*,
2012 U.S. Dist. LEXIS 28950 (S.D.N.Y. Mar. 1, 2012) ....................7

*In re Dunmore Homes, Inc.*,
380 B.R. 663 (Bankr. S.D.N.Y. 2008) ....................8

*In re Enron Corp.*,
284 B.R. 376 (Bankr. S.D.N.Y. 2002) ....................7, 9

*In re Landmark Capital Co.*,
20 B.R. 220 (S.D.N.Y. 1982) ....................11

*In re Lionel Corp.*,
24 B.R. 141 (Bankr. S.D.N.Y 1982) ....................8

*In re Manville Forest Probs. Corp.*,
896 F.2d 1384 (2d Cir. 1990) ....................2, 7, 8

*In re Pinehaven Assoc.*,
132 B.R. 982 (Bankr. E.D.N.Y. 1991) ....................10

*McGillis/Eckman Invs. - Billings, LLC v. Sportsman's Warehouse, Inc.*,
2010 U.S. Dist. LEXIS 80809 (D. Mont. Aug. 9, 2010) ....................9

*Mendoza v. GM, LLC*,
2010 U.S. Dist. LEXIS 134694 (C.D. Cal. Dec. 5, 2010) ....................10

*Reid-Ashman Mfg. v. Swanson Semiconductor Serv., L.L.C.*,
2008 U.S. Dist. LEXIS 14748 (N.D. Cal. Feb. 14, 2008) ....................9, 10

*ResCap Liquidating Tr. v. PHH Mortg. Corp.*,
518 B.R. 259 (S.D.N.Y. 2014) ....................6

*Smartmatic USA Corp. v. Dominion Voting Sys. Corp.*,
2013 U.S. Dist LEXIS 153727 (S.D.N.Y. Oct. 22, 2013) ....................8

*Wyndham Associates v. Bintliff*,
398 F.2d 614 (2d Cir. 1968) ....................10

**Statutes**

11 U.S.C. § 362 .......... 4

28 U.S.C. § 157(a) .......... 6

28 U.S.C. § 1334(b) .......... 6

28 U.S.C. § 1404(a) .......... 6

28 U.S.C. § 1409(a) .......... 6

28 U.S.C. § 1412 .......... *passim*

28 U.S.C. § 1452(a) .......... 6

**Other Authorities**

Am. Standing Order of Ref., *In the Matter of Standing Order of Reference re Title 11* (D. Del. Feb. 29, 2012), available at http://www.ded.uscourts.gov/sites/default/files/general-orders/AmendedTitle11Order_2-29-12_0.pdf .......... 6

Am. Standing Order of Ref., *In the Matter of Standing Order of Reference re Title 11*, No. 12 MISC 00032 (S.D.N.Y. Jan. 31, 2012), available at http://www.nysd.uscourts.gov/rules/StandingOrder_OrderReference_12mc32.pdf .......... 6

Fed. R. Bankr. P. 7087 .......... 6

Fed. R. Bankr. P. 9027 .......... 5

Defendants Hampshire Brands, Inc. and Hampshire Group, Limited (together, "Hampshire" or "Debtor Defendants") respectfully submit this Memorandum of Law, along with the accompanying Declaration of Evan J. Zucker, dated January 19, 2017 (the "Zucker Declaration"), in support of their contemporaneously-filed motion pursuant to 28 U.S.C. § 1412 ("Motion") to transfer venue of the present action — which was originally commenced in the United States District Court for the Southern District of New York ("District Court"), Case No. 1:16-cv-04623-PKC, and was subsequently removed to this Court ("Removed Action") — to the United States Bankruptcy Court for the District of Delaware where the jointly administered chapter 11 cases captioned In re Hampshire Group, Limited, *et al*., Case No. 16-12634 (BLS) are currently pending ("Delaware Bankruptcy Court").

**PRELIMINARY STATEMENT**

For the past several years, Hampshire has experienced operating losses and negative cash flow. In June of 2016, the Debtor Defendants, in an effort to maximize value for the benefit of their stakeholders, began an out-of-court liquidation and wind-down of their business. However, upon notice of Hampshire's orderly wind-down, Plaintiffs Onewoo Corporation and V.J.One Corporation ("Plaintiffs") filed the Removed Action on June 16, 2016 in an attempt to collect on a disputed unsecured debt allegedly owed by Hampshire. Plaintiffs sought those same damages against two of Hampshire's corporate representatives under theories sounding in fraud and misrepresentation. The Removed Action jeopardized the out-of-court wind-down. Accordingly, to preserve the value of their estates, the Debtor Defendants were forced to file chapter 11 petitions in the Delaware Bankruptcy Court.

As further explained below, this Court should transfer this action to the Delaware Bankruptcy Court in order to effectively and efficiently address what is at-bottom a claim allowance dispute. Such a transfer is in the interest of justice and is convenient to the parties. In

fact, the Second Circuit has stated the proper venue to adjudicate claims related to a bankruptcy action is *presumptively* in the district where the bankruptcy is pending. *In re Manville Forest Probs. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990). Accordingly, Hampshire respectfully submits that the Removed Action should be transferred to the Delaware Bankruptcy Court.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. The Parties

The Debtor Defendants are Delaware corporations with their principal place of business in South Carolina. *See* Zucker Decl., Ex. A (the chapter 11 petitions of Hampshire Group, Limited and Hampshire Brands, Inc., Delaware Bankruptcy Court Case Nos. 16-12634 (BLS) and 16-12635 (BLS), Docket No. 1). They specialize in designing and marketing men's sportswear to department stores, chain stores, and mass market retailers under licensed brands, their own proprietary brands, and the private labels of customers. *See* Zucker Decl., Ex. B (Hampshire's home page, http://www.hamp.com/). Hampshire's customers include JC Penney, Kohl's, Sears, Burlington Stores, and Nordstrom. *See* Zucker Decl., Ex. C (Declaration of William Drozdowski in Support of Chapter 11 Petitions and Various First Day Motions, Delaware Bankruptcy Court Case No. 16-12634 (BLS), Docket No. 12 ("First Day Declaration")), ¶ 10. For the past several years, the Debtor Defendants have been experiencing operating losses and negative cash flow. *Id.*, ¶ 24. In June of 2016, in an effort to maximize the value of the company for its stakeholders, Hampshire attempted an out-of-court liquidation and wind-down of its business. *Id.*, ¶ 26.

Plaintiffs are Korean corporations that manufacture and export clothing. *See* Zucker Decl., Ex. D (Removed Action Complaint, District Court Case No. 1:16-cv-04623-PKC, Docket No. 1), ¶¶ 2, 3, 11. Their principal place of business is in Seoul, Korea. *Id.* Plaintiffs are disputed unsecured creditors of the Debtor Defendants. *See* Zucker Decl., Ex. E (excerpt of Hampshire

Group, Limited's schedules of assets and liabilities (Schedule E/F), Delaware Bankruptcy Court Case No. 16-12634 (BLS), Docket No. 110).

**B. The Removed Action**

Shortly after receiving notice of Hampshire's out-of-court liquidation efforts, on June 17, 2016, Plaintiffs filed the Removed Action in an attempt to collect on their alleged unsecured debt. *See* Zucker Decl., Ex. D (Removed Action Complaint), ¶ 1. More specifically, Plaintiffs purportedly sold 500,000 units of merchandise to Hampshire and claim that Hampshire has failed to pay Plaintiffs more than $4.5 million on account of this merchandise. *Id.*, ¶¶ 16, 26. They also seek the same monetary amount from the two individual defendants, Paul Buxbaum ("Buxbaum") and William Drozdowski ("Drozdowski" and together with Buxbaum, the "Non-Debtor Defendants"), under theories of fraud and misrepresentation. *Id.*, ¶¶ 55-69. All four defendants dispute the validity and amount of the claims sought by Plaintiffs. *See* Zucker Decl., Ex. F (Removed Action Answers, District Court Case No. 1:16-cv-04623-PKC, Docket Nos. 16 and 17). Nevertheless, Hampshire is required to indemnify, defend and hold harmless the Non-Debtor Defendants and to advance the costs of the Non-Debtor Defendants' defense, subject to certain limitations, with respect to the Removed Action. *See* Zucker Decl., Ex. G (Hampshire Group, Limited's Certificate of Incorporation and related documents).

Hampshire's wind-down was jeopardized by the Removed Action. *See* Zucker Decl., Ex. C (First Day Declaration), ¶ 27. While the Removed Action was pending in the District Court, Plaintiffs sought to invoke extraordinary relief available in only limited circumstances under New York law for the imposition of a prejudgment attachment against Hampshire's assets. *See* Zucker Decl., Ex. H (Plaintiffs' Motion for Prejudgment Attachment and Supporting Memorandum of Law, District Court Case No. 1:16-cv-04623-PKC, Docket Nos. 27 and 28). The Debtor Defendants opposed the request. *See* Zucker Decl., Ex. I (Hampshire's Opposition to Motion for

Prejudgment Attachment, District Court Case No. 1:16-cv-04623-PKC, Docket No. 34). Salus Capital Partners, LLC, the agent and a lender under the Debtor Defendants' senior secured credit facility ("Salus"), sought and obtained permission to intervene for the purpose of also interposing its opposition to the relief sought by Plaintiffs. *See* Zucker Decl., Ex. J (Salus' Memorandum of Law in Opposition to Plaintiffs' Motion for Prejudgment Attachment, District Court Case No. 1:16-cv-04623-PKC, Docket No. 41). Notwithstanding this, the District Court granted a prejudgment attachment against the Debtor Defendants (but not the Non-Debtor Defendants) in the amount of $3,428,111.71 by Order dated November 15, 2016. *See* Zucker Decl., Ex. K (Memorandum and Order Granting Motion for Prejudgment Attachment, District Court Case No. 1:16-cv-04623-PKC, Docket No. 60). Then, on November 16, 2016, the District Court denied the Non-Debtor Defendants' motion to dismiss the Removed Action. *See* Zucker Decl., Ex. L (Order Denying Non-Debtor Defendants' Motion to Dismiss, District Court Case No. 1:16-cv-04623-PKC, Docket No. 61).

**C. <u>The Pending Bankruptcy Cases</u>**

Soon thereafter, on November 23, 2016 (the "Petition Date"), the Debtor Defendants and one of their affiliates filed voluntary Chapter 11 petitions with the Delaware Bankruptcy Court. *See* Zucker Decl., Ex. A (the Debtor Defendants' Chapter 11 Petitions). The chapter 11 cases are being jointly administered under the caption In re Hampshire Group, Limited, *et al.*, Case No. 16-12634 (BLS) ("Delaware Bankruptcy Case"). As of the Petition Date, Hampshire owed approximately $7,400,000 to its senior secured lender and its books and records reflect approximately $15,000,000 in unsecured liabilities. *See* Zucker Decl., Ex. E (excerpt of Hampshire Group, Limited's schedules of assets and liabilities (Schedule D and Schedule E/F)).

The Removed Action, which has not progressed beyond the discovery phase, is automatically stayed as to Hampshire pursuant to 11 U.S.C. § 362. By order of the Delaware

Bankruptcy Court, the Removed Action is also stayed as to the Non-Debtor Defendants through and including January 31, 2017, unless further extended. *See* Zucker Decl., Ex. M (Delaware Bankruptcy Court Stay Extension Order, Delaware Bankruptcy Court Case No. 16-12634 (BLS), Docket No. 87).

**D. <u>Removal to this Court</u>**

On January 17, 2017, contemporaneous with the filing of the Motion and this supporting Memorandum of Law, Hampshire filed its Notice of Removal with this Court. *See* Zucker Decl., Ex. N (Notice of Removal, without exhibits); ECF No. 1 (Notice of Removal, with exhibits). That same day, Hampshire filed the Notice of Removal with the District Court (with notice to Plaintiffs), thereby effectuating the removal of the Removed Action to this Court. *See generally* Fed. R. Bankr. P. 9027. Hampshire now seeks to transfer the Removed Action to the Delaware Bankruptcy Court, where the underlying chapter 11 cases are pending.[1]

## ARGUMENT

This action should be transferred to the Delaware Bankruptcy Court primarily for two reasons: (i) it is far more efficient for the underlying bankruptcy forum to adjudicate all claims affecting the Debtor Defendants' estates and (ii) there is the potential for inconsistent results, not to mention res judicata issues, if the Removed Action proceeds in the District Court against the Non-Debtor Defendants, who, in turn, will assert indemnification claims against the Debtor Defendants' estates.

**A. <u>Legal Standard</u>**

"A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such

[1] The Non-Debtor Defendants have advised Hampshire that they consent to the transfer of venue from this Court to the Delaware Bankruptcy Court.

claim or cause of action under section 1334 of [title 28]." 28 U.S.C. § 1452(a). The district courts, in turn, have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Each district court is further empowered to "provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). In both this District and the District of Delaware, a Standing Order of Reference refers all such cases to the local bankruptcy court by default.[2]

Pursuant to 28 U.S.C. § 1409(a), a civil proceeding arising in or related to a case under title 11 may be venued in the district in which the title 11 case is pending. Rule 7087 of the Federal Rules of Bankruptcy Procedure, in turn, allows for "transfer [of] an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412." Under 28 U.S.C. § 1412 ("Section 1412"), "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."[3] For purposes of Section 1412, a bankruptcy court is empowered to transfer an action to another venue in the interest of justice and convenience, when such a matter is transferred to it by the district court. *See In re Enron Corp.*, 284 B.R. 376, 386 (Bankr. S.D.N.Y. 2002) (noting that motions for change of venue are core proceedings, which may be adjudicated by the bankruptcy court).

---

[2] *See* Am. Standing Order of Ref., *In the Matter of Standing Order of Reference re Title 11*, No. 12 MISC 00032 (S.D.N.Y. Jan. 31, 2012), available at http://www.nysd.uscourts.gov/rules/StandingOrder_OrderReference_12mc32.pdf; Am. Standing Order of Ref., *In the Matter of Standing Order of Reference re Title 11* (D. Del. Feb. 29, 2012), available at http://www.ded.uscourts.gov/sites/default/files/general-orders/AmendedTitle11Order_2-29-12_0.pdf.

[3] To the extent 28 U.S.C. § 1404(a) may arguably apply to the instant request for relief, the analysis is the same because courts consider substantially the same factors under both statutes. *See, e.g., ResCap Liquidating Tr. v. PHH Mortg. Corp.*, 518 B.R. 259, 267 (S.D.N.Y. 2014). While section 1404(a) also requires that the civil action be transferred "to any other district or division where it might have been brought" (or to a jurisdiction to which all parties consent), this requirement is clearly met here. There is no question that the Removed Action could have been filed in the District Court for the District of Delaware because the Debtor Defendants are Delaware corporations. *See* Zucker Decl., Ex. A (the Debtor Defendants' Chapter 11 Petitions).

Section 1412 is "worded in the disjunctive allowing a case to be transferred under either the interest of justice rationale or the convenience of the parties rationale." *Capmark Fin. Grp., Inc. v. Goldman Sachs Credit L.P.*, 2012 U.S. Dist. LEXIS 28950, at *6 (S.D.N.Y. Mar. 1, 2012) (emphasis added). "In considering the convenience of the parties, the Court weighs a number of factors," the most important of which is "the promotion of the economic and efficient administration of the estate."[4] *Enron*, 284 B.R. at 387.

The "interest of justice" prong of Section 1412 "is a broad and flexible standard which must be applied on a case-by-case basis. It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness-factors." *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990). Specifically, courts consider the following factors:

> (1) Whether transfer would promote the economic and efficient administration of the bankruptcy estate;
>
> (2) Whether the interest of judicial economy would be served by the transfer;
>
> (3) Whether the parties would be able to receive a fair trial in each of the possible venues;
>
> (4) Whether either forum has an interest in having the controversy decided within its borders;
>
> (5) Whether the enforceability of any judgment would be affected by the transfer; and
>
> (6) Whether the plaintiff's original choice of forum should be disturbed.

---

[4] The remaining factors are: "[t]he proximity of creditors of every kind to the Court," "[t]he proximity of the debtor to the Court," "[t]he proximity of the witnesses necessary to the administration of the estate," "[t]he location of the assets," and "[t]he necessity for ancillary administration if liquidation should result." *Enron*, 284 B.R. at 387.

*In re Dunmore Homes, Inc.*, 380 B.R. 663, 672 (Bankr. S.D.N.Y. 2008). When considering this prong, courts primarily focus on the first two factors and refer to the Second Circuit's decision in *In re Manville Forest Prods. Corp*. There, the Court found the presumptively appropriate venue is the court in which a related, underlying bankruptcy matter is pending. *In re Manville Forest Prods. Corp.*, 896 F.2d at 1391.

A motion to transfer venue pursuant to Section 1412 "is within the discretion of the court based on an individualized, case-by-case consideration of convenience and fairness." *Smartmatic USA Corp. v. Dominion Voting Sys. Corp.*, 2013 U.S. Dist LEXIS 153727, at *9 (S.D.N.Y. Oct. 22, 2013).

As will be demonstrated below, the application of the above-listed factors to this matter militates in favor of the transfer of the Removed Action to the Delaware Bankruptcy Court.

### B. This Action Should Be Transferred To The Delaware Bankruptcy Court In The Interest Of Justice And For The Convenience Of All Parties Impacted

Venue of this action should be transferred to the Delaware Bankruptcy Court. Initially, as stated in Hampshire's Notice of Removal, the Delaware Bankruptcy Court has jurisdiction over the Removed Action because the Removed Action "arises in" and "relates to" a title 11 case—that is, the Delaware Bankruptcy Case. *See* Zucker Decl., Ex. N (Notice of Removal, without exhibits), ¶¶ 17, 19. Additionally, the Delaware Bankruptcy Court is presumptively the appropriate forum for the Removed Action because the Removed Action relates to the Delaware Bankruptcy Case pending before the Delaware Bankruptcy Court. *See Manville*, 896 F.2d at 1391; *In re Lionel Corp.*, 24 B.R. 141, 143 (Bankr. S.D.N.Y 1982) ("At the outset, we note the general presumption that all matters involving a bankruptcy should be tried in the court in which the bankruptcy is pending.").

Furthermore, transfer of the Removed Action to the Delaware Bankruptcy Court will serve both the interest of justice and the convenience of the parties by promoting the efficient and economic administration of the Debtor Defendants' estates, which is the most important factor under both prongs of Section 1412. *See Enron*, 284 B.R. at 376. Here, the transfer would promote the economic and efficient administration of the estates because all of the claims related to Hampshire's bankruptcy proceedings could be resolved in the same court. *See, e.g., Reid-Ashman Mfg. v. Swanson Semiconductor Serv., L.L.C.*, 2008 U.S. Dist. LEXIS 14748, at *7 (N.D. Cal. Feb. 14, 2008) ("[J]udicial efficiency favors transfer so that all of the claims can be administered in the same district."); *McGillis/Eckman Invs. - Billings, LLC v. Sportsman's Warehouse, Inc.*, 2010 U.S. Dist. LEXIS 80809, at *3 (D. Mont. Aug. 9, 2010) (same).

Although the Removed Action was filed before the commencement of the Delaware Bankruptcy Case, Plaintiffs' potential recovery is directly tied to the claims allowance and distribution functions of the bankruptcy proceedings. Specifically, the validity, priority and extent of Plaintiffs' general unsecured claims (if any) against Hampshire will be determined in accordance with the Bankruptcy Code and any distributions they might receive on account of any allowed claims will be governed by the claims reconciliation process. The resolution of Plaintiffs' claims will potentially have a significant impact on the Debtor Defendants' estates and any possible distribution to unsecured creditors because of the magnitude of the amount sought by Plaintiffs. As such, it would be much more efficient and economical for the dispute over these alleged claims to proceed in the same Court that will administer the claims allowance and reconciliation process.

Even more importantly, if the Removed Action were to proceed against the Non-Debtor Defendants in a venue other than the Delaware Bankruptcy Court, Hampshire might be faced with

res judicata, collateral estoppel and/or issue and claim preclusion arguments during any contested matter involving Plaintiffs' disputed unsecured claims. Indeed, Plaintiffs' claims against the Debtor Defendants and Non-Debtor Defendants revolve around the same common nucleus of facts so a determination of liability against one set of these defendants could be prejudicial to the other two defendants. Transfer is also necessary here to prevent inconsistent rulings in this regard. *Wyndham Associates v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968) ("There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided.")

The other "interest of justice" factors also support transferring venue to the Delaware Bankruptcy Court. There is no question that Plaintiffs will receive a fair trial in any Federal court. *See, e.g., Burns v. Grupo Mex. S.A. de C.V.*, 2007 U.S. Dist. LEXIS 84514 at *16 (S.D.N.Y. Nov. 16, 2007); *Mendoza v. GM, LLC,* 2010 U.S. Dist. LEXIS 134694 at *14 (C.D. Cal. Dec. 5, 2010). Any judgment will be enforceable whether issued by this Court or the Delaware Bankruptcy Court. *Id.* Notably, a plaintiff's choice of forum consideration is not sufficient to override the other factors which weigh in favor of transfer. *In re Pinehaven Assoc*., 132 B.R. 982, 987 (Bankr. E.D.N.Y. 1991) ("[W]hile a debtor's (or plaintiff's) selection of venue is entitled to some deference, it is obviously not controlling."). Here, no party resides in or has its principal place of business in New York. *See* Zucker Decl., Ex. D (Removed Action Complaint), ¶¶ 2-3; Zucker Decl., Ex. F (Removed Action Answers); Zucker Decl., Ex. A (the Debtor Defendants' Chapter 11 Petitions). Nor is any party incorporated in New York. *Id.* Therefore, Plaintiffs' choice of New York is not a persuasive factor when determining whether a transfer of this action is appropriate. *See, e.g., Reid-Ashman Mfg*., 2008 U.S. Dist. LEXIS 14748 at *7.

With respect to the convenience of the parties prong, for the reasons discussed above, it is clear that the most important factor – the promotion of the economic and efficient administration of the estates – will be satisfied if the Removed Action is transferred to the Delaware Bankruptcy Court. The other relevant "convenience" factors also weigh in favor of transfer to the Delaware Bankruptcy Court. The Debtor Defendants are incorporated in Delaware. *See* Zucker Decl., Ex. A (the Debtor Defendants' Chapter 11 Petitions). And many of Hampshire's largest creditors are Delaware corporations. *See* Zucker Decl., Ex. A (the Debtor Defendants' Chapter 11 Petitions, specifically the list of the top 20 largest creditors which includes seven Delaware registered entities). Even Salus, the agent and a lender under the Debtor Defendants' senior secured credit facility, is a Delaware limited liability company. *See In re Landmark Capital Co.,* 20 B.R. 220, 224 (S.D.N.Y. 1982) (considering the proximity of creditors factor and examining the number of creditors and amount claimed by such creditors). Clearly, Delaware is a convenient forum in which to litigate this dispute.

In view of the foregoing, Hampshire respectfully submits that the statutory requirements have been met and the Removed Action should be transferred to the Delaware Bankruptcy Court in order to promote the economic and efficient administration of the Debtor Defendants' estates.

**CONCLUSION**

For the reasons set forth above, Hampshire respectfully requests that this Court transfer the Removed Action to the Delaware Bankruptcy Court, and grant Hampshire such other relief as may be just and proper.

Respectfully Submitted,

**BLANK ROME LLP**

*/s/ Evan J. Zucker*

Dated: January 19, 2017

Evan J. Zucker
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5207 (Phone)
(212) 885-5001 (Fax)
EZucker@BlankRome.com

Leon R. Barson (*pro hac vice* admission pending)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
(215) 569-5576 (Phone)
(215) 832-5576 (Fax)
LBarson@BlankRome.com

*Attorneys for Defendants Hampshire Brands, Inc. and Hampshire Group, Limited*