**Hearing Date and Time: February 28, 2017 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: February 27, 2017 at 12:00 noon (prevailing Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ONEWOO CORPORATION and
V.J.ONE CORPORATION,

                  Plaintiffs,             Adv. Proc. No. 17-01008-MEW

      -against-

HAMPSHIRE BRANDS, INC.,
HAMPSHIRE GROUP, LIMITED,
PAUL BUXBAUM and WILLIAM
DROZDOWSKI,

                  Defendants.
--------------------------------------------------------x

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO REMAND AND IN OPPOSITION TO MOTION TO TRANSFER

Robert L. Lash
Scott K. Hur
HUR & LASH, LLP
390 Fifth Avenue, Suite 900
New York, NY 10018
T: (212) 468-5590
F: (212) 468-6699

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND..........................................................1

ARGUMENT ..................................................................................................................3

I.     THIS MATTER SHOULD BE REMANDED BACK TO THE UNITED STATES
       DISTRICT COURT. ............................................................................................3

     A.  Remand Is Appropriate On "Any Equitable Ground". ...................................3

     B.  This Is A Non-Core Matter. .........................................................................4

     C.  The Drexel Factors Weigh In Favor of Remand. ...........................................5

          1.  Remanding This Matter Will Aid The Efficient Administration Of The
              Bankruptcy Estate. ..........................................................................6

          2.  State Law Predominates, As The Only Cause Of Action At Issue Is A Claim
              Of Fraud Under New York Common Law. ...........................................8

          3.  This Matter Involves Complicated Issues Of How New York Courts Have
              Applied Common Law Fraud Against Corporate Officers. ...................9

          4.  Comity Is Not A Significant Factor Here. .............................................9

          5.  The Fraud Claim Against The Non-Debtors Is Only Remotely Related,
              If At All, To The Main Bankruptcy Case. ...........................................10

          6.  Plaintiffs' Right To A Jury Trial On Their New York Fraud Claim Weighs
              Heavily In Favor Of Remand. ............................................................12

          7.  Hampshire's Removal Of This Matter Causes Significant Prejudice
               To Onewoo. ......................................................................................13

II.    THE MOTION TO TRANSFER VENUE SHOULD BE DENIED. ...........................14

CONCLUSION..............................................................................................................17

# TABLE OF AUTHORITIES

## CASES

*9281 Shore Rd. Owners Corp. v. Seminole Realty Co. (In re 9281 Shore Rd. Owners Corp.)*,
  214 B.R. 676 (Bankr. E.D.N.Y. 1997) ........................................................................... 5

*AEG Liquidation Trust v. Toobro NY LLC (In re Am. Equities Group, Inc.)*, 460 B.R. 123
  (Bankr. S.D.N.Y. 2011) ................................................................................................... 6

*Am. Coal Co. v. Enron N. Am. Corp. (In re Enron Corp.*, 2003 U.S. Dist. LEXIS 19543
  (S.D.N.Y. Nov. 4, 2003) ............................................................................................ 12, 14

*Bayerische Landesbank v. Deutsche Bank AG (In re Residential Capital, LLC)*,
  488 B.R. 565 (Bankr. S.D.N.Y. 2013) .......................................................................... 14

*Bevilacqua v. Bevilacqua*, 208 B.R. 11 (E.D.N.Y. 1997) ............................................... 13

*Blackacre Bridge Capitol LLC v. Korff (In re Riv. Ctr. Holdings)*, 288 B.R. 59
  (Bankr. S.D.N.Y. 2003) ................................................................................................. 14

*Buechner v. Avery*, 2005 U.S. Dist. LEXIS 13735 (S.D.N.Y. Feb. 14, 2005) ............... 8

*Cathedral of the Incarnation v. Garden City Co. (In re Cathedral of the Incarnation)*,
  99 F.3d 66 (2d Cir. 1996) ................................................................................................ 4

*DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587 (S.D.N.Y. 2012) ......... 7

*Digital Satellite Lenders, LLC v. Ferchill*, 2004 U.S. Dist. LEXIS 15736
  (S.D.N.Y. Aug. 10, 2004) ................................................................................................ 8

*Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405 (S.D.N.Y. 1991) .......... 4

*Equipos Nucleares, S.A. v. Fairfield Energy Venture, L.P.*, 1989 U.S. Dist. LEXIS 556
  (S.D.N.Y. Jan. 23, 1989) ............................................................................................... 15

*Everett v. MCI, Inc. (In re WorldCom, Inc.)*, 2008 U.S. Dist. LEXIS 47596
  (S.D.N.Y. June 18, 2008) ................................................................................................ 6

*In re Amfesco Indus., Inc.*, 81 B.R. 777 (Bankr. E.D.N.Y. 1988) ................................. 10

*In re Chargit Inc.*, 81 B.R. 243 (Bankr. S.D.N.Y. 1987) ................................................. 4

*In re Exeter Holding, Ltd.*, No. 11-77954, 2013 Bankr. LEXIS 1008, 2013 WL 1084548
  (Bankr. E.D.N.Y. Mar. 14, 2013) ................................................................................... 4

*In re G-I Holdings, Inc.*, 308 B.R. 196 (Bankr. D.N.J. 2004) ........................................ 11

*In re Masterwear Corp.*, 241 B.R. 511 (Bankr. S.D.N.Y. 1999) ................................... 11

*In re Mid-American Waste Systems, Inc.*, 228 B.R. 816 (Bankr. D. Del. 1999) .......................... 10

*In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244 (S.D.N.Y. 2011) ................................ 17

*In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993) ................................... 5

*In re Patriot Coal Corp.*, 482 B.R. 718 (Bankr. S.D.N.Y. 2012) ................................ 15

*Interstate Foods, Inc. v. Lehmann*, 2009 U.S. Dist. LEXIS 109367 (S.D.N.Y. Nov. 20, 2009) .... 9

*JC Ryan EBCO/H&G LLC v. Cyber-Struct Inc. (In re Fierro)*, 2015 Bankr. LEXIS 1779
(Bankr. E.D.N.Y. May 29, 2015) ................................................... 4

*Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*, 2004 U.S. Dist. LEXIS 8168
(S.D.N.Y. May 6, 2004) ......................................................... 6

*Longacre Master Fund, Ltd. v. Telecheck Servs. (In re Casual Male Corp.)*, 317 B.R. 472
(Bankr. S.D.N.Y. 2004) ........................................................ 8

*Molnar v. Nortek, Inc.*, 1999 U.S. Dist. LEXIS 5137 (W.D.N.Y. Mar. 25, 1999) ..................... 15

*Montague Pipeline Techs. Corp. v. Grace/Lansing (In re Montague Pipeline Techs. Corp.)*,
209 B.R. 295 (Bankr. E.D.N.Y. 1997) ............................................. 14

*N.Y. City Emples. Ret. Sys. v. Ebbers (In re Worldcom, Inc. Sec. Litig.)*, 293 B.R. 308
(S.D.N.Y. 2003) .............................................................. 14

*OCB Rest. Co., LLC v. Vlahakis (In re Buffets Holdings, Inc.)*, 397 B.R. 725
(Bankr. D. Del. 2008) ......................................................... 16

*ResCap Liquidating Trust v. RBC Mortg. Co.*, 2014 U.S. Dist. LEXIS 123038
(S.D.N.Y. July 18, 2014) ...................................................... 7

*Scherer v. Carroll*, 150 B.R. 549 (D. Vt. 1992) ................................. 12, 14

*Schumacher v. White*, 429 B.R. 400 (E.D.N.Y. 2010) .......................... 13, 14

*Sealink Funding Ltd. v. Bear Stearns & Co.*, 2012 U.S. Dist. LEXIS 145418
(S.D.N.Y. Oct. 9, 2012) ....................................................... 4

*Shiboleth v. Yerushalmi*, 412 B.R. 113 (S.D.N.Y. 2009) ........................... 4

*Stern v. Marshall*, 564 U.S. 462 (2011) ........................................................................ 5

*Things Remembered, Inc. v. Petrarca*, 133 L. Ed. 2d 461, 116 S. Ct. 494 (1995) ........................ 4

*Whitney Lane Holdings, LLC v. Don Realty, LLC*, 2010 U.S. Dist. LEXIS 29778
   (N.D.N.Y. Mar. 26, 2010) ........................................................................................ 5

## **STATUTES**

11 U.S.C. § 362 ........................................................................................................ 11

28 U.S.C. § 1404 ...................................................................................................... 14

28 U.S.C. § 1412 ...................................................................................................... 15

28 U.S.C. § 1452 ........................................................................................................ 3

Fed. R. Bankr. P. 7087                                                                          15

Fed. R. Bankr. P. 9016 .............................................................................................. 16

## PRELIMINARY STATEMENT

This is a non-core proceeding involving a pre-petition state law fraud claim against non-debtors.  It has no effect on the administration of debtors' bankruptcy action.  Debtors, nevertheless, removed this matter from the District Court to this Court, and ask that it be transferred to the Bankruptcy Court in Delaware, for one and only one reason: *forum shopping*.

The District Court made several rulings, pre-petition, that were favorable to the Plaintiffs and adverse to the non-debtors.  However, the non-debtors are the sole remaining officers of the debtor corporations and control their litigation strategy.  Thus, although the removal of this matter has absolutely no benefit to the debtor estate, the non-debtors are using their control of the companies to try to get away from the District Court judge.  For sake of equity, the motion to transfer should be denied and this matter should be remanded back to the District Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Onewoo Corporation and V.J.One Corporation (collectively, "Plaintiffs" or "Onewoo") manufacture clothing.  On June 17, 2016, Plaintiffs commenced a lawsuit in the United States District Court for the Southern District of New York against Hampshire Brands, Inc., Hampshire Group Limited (collectively, "Debtors" or "Hampshire") alleging claims arising out of Hampshire's failure to pay over $3 million for clothing Hampshire ordered from Onewoo.  Hampshire, at all times relevant to the complaint, was headquartered in New York City.

The lawsuit also alleged a single cause of action for common law fraud against Paul Buxbaum ("Buxbaum") and William Drozdowski ("Drozdowski" and collectively with Buxbaum, "Non-Debtors").    Buxbaum is Hampshire's Chairman, President and Chief Executive Officer.  Drozdowski is, or was at relevant times, Hampshire's interim Chief Financial Officer, via a consulting agreement between Hampshire and a company Drozdowski works for

called GRL Capital Advisors, and also a Hampshire Director.[1]  A copy of the Complaint with

Jury Demand is attached as Exhibit A to the Declaration of Robert L. Lash ("Lash Decl.").

The fraud claim against Buxbaum and Drozdowski arises out of specific statements –

misrepresentations – they made, or were made on their behalf, to Plaintiffs prior to the filing of

the lawsuit, including statements made during a meeting at Hampshire's mid-town Manhattan

headquarters.

Buxbaum and Drozdowski answered the complaint and moved to dismiss the fraud claim

against them pursuant to Federal Rule of Civil Procedure 12(c).  The District Court, Hon. P.

Kevin Castel, denied their motion, finding, "The Complaint adequately alleges a fraud claim

with respect to Buxbaum and Drozdowski under New York law and Rule 9(b).  It alleges the

dates and contents of the purportedly fraudulent statements, and alleged that the two defendants

participated in and had knowledge of a scheme to misrepresent Hampshire's intention and ability

to pay Onewoo while continuing to order new shipments of merchandise."  A copy of the

District Court's Order, dated November 16, 2016, is attached as Exhibit B to the Lash Decl.  The

District Court also Ordered Drozdowski and Buxbaum to appear for deposition in Plaintiffs'

counsel's office on November 30 and December 1, respectively, which Buxbaum and

Drozdowski had been resisting.  *See* Lash Decl., Ex. D.

Also, following Hampshire's answering the complaint, Plaintiffs moved for pre-judgment

attachment against Hampshire.  By Order dated November 15, 2016, the District Court granted

the motion.  A copy of that Order is attached as Exhibit C to the Lash Decl.  In particular, the

Court found that "The record submitted by both parties shows that, in the past, the Hampshire

---

[1] It appears that Buxbaum, too, was not employed directly by Hampshire, but rather was retained
through an agreement between Hampshire and Buxbaum's company, called The Buxbaum
Group.

defendants misrepresented their intention to pay Onewoo and their reasons for failing to do so."
Lash Decl., Ex. C, at 1.

However, on November 23, 2017, Hampshire filed a Voluntary Petition for Bankruptcy in the United States District Court for the District of Delaware, automatically staying Plaintiffs' claims against Hampshire.  Although Hampshire filed its Petition under Chapter 11, Hampshire has repeatedly made clear that it is winding-down its operations, liquidating its assets, and has no intention to continue any operations post-bankruptcy.  Hampshire also moved to temporarily extend the stay to cover the Non-Debtors until January 31, 2017.  Plaintiffs consented to that extension, so long as any motion for further extension be heard, if reasonably possible, on or before January 31, 2017.  Debtors (and Non-Debtors) decided not to move to extend that stay past January 31, 2017.  On January 19, 2017, Hampshire filed a Notice of Removal of the District Court action to this Court and asks that the court transfer it to the District of Delaware.

Plaintiffs oppose the transfer and move this Court to remand the matter back to the District Court, where Judge Castel had been actively overseeing discovery and ruling on various issues that had arisen pre-petition concerning the state law claim against the Non-Debtors. Additionally, *Plaintiffs do not consent to the entry of final orders or judgment by the Bankruptcy Court*, and therefore this matter ultimately will need to be returned to the District Court in any event.

## ARGUMENT

### I.  THIS MATTER SHOULD BE REMANDED BACK TO THE UNITED STATES DISTRICT COURT.

#### A.  Remand Is Appropriate On "Any Equitable Ground".

Hampshire removed this matter to this Court pursuant to 28 U.S.C. § 1452(a).  Pursuant to 28 U.S.C. § 1452(b), "The court to which such claim or cause of action is removed may remand

3

such claim or cause of action on *any equitable ground*."[2] (emphasis added).  The Second Circuit

has held that "§ 1452(b)'s reference to an 'equitable ground' means one that is fair and

reasonable."  *Cathedral of the Incarnation v. Garden City Co. (In re Cathedral of the*

*Incarnation)*, 99 F.3d 66, 69 (2d Cir. 1996) (citing *Things Remembered, Inc. v. Petrarca*, 133 L.

Ed. 2d 461, 116 S. Ct. 494, 499-500 (1995) (Ginsburg, J., concurring)).

### B.  This Is A Non-Core Matter.

Although Hampshire suggests in its Removal Notice that this is a "core" proceeding, it is

not.  "Core" proceedings encompass claims "predicated on a right created by title 11" and claims

that have "no existence outside of the bankruptcy."  *See In re Chargit Inc.*, 81 B.R. 243, 247

(Bankr. S.D.N.Y. 1987).  In contrast, matters that merely "relate[] to cases under title 11" are

categorized as "noncore" proceedings.  *Id*. at 246-47.  Non-core proceedings, such as this matter,

include actions which involve the "adjudication of state-created private rights, such as the right

to recover contract damages."  *Shiboleth v. Yerushalmi*, 412 B.R. 113, 116 (S.D.N.Y. 2009)

(internal quotes omitted).  Non-core claims "do not implicate the essence of federal bankruptcy

power."  *Id*. (remanding case considering only non-core state law partnership issues); *see also*

*Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 408 (S.D.N.Y. 1991)

(granting motion to remand where only non-core state law claims were at issue); *Sealink*

*Funding Ltd. v. Bear Stearns & Co.*, 2012 U.S. Dist. LEXIS 145418, at *11 (S.D.N.Y. Oct. 9,

2012) (noting that state law fraud claim was non-core).

---

[2] "[T]he 30 day time limit to request remand under 28 U.S.C. § 1447(c) does not apply where, as here, remand is requested on equitable grounds under 28 U.S.C. § 1452(b)."  *JC Ryan EBCO/H&G LLC v. Cyber-Struct Inc. (In re Fierro)*, 2015 Bankr. LEXIS 1779, at *10-11, n. 4 (Bankr. E.D.N.Y. May 29, 2015); *see also In re Exeter Holding, Ltd.*, No. 11-77954, 2013 Bankr. LEXIS 1008, 2013 WL 1084548, at *8 (Bankr. E.D.N.Y. Mar. 14, 2013).

In non-core proceedings, "the bankruptcy court is only empowered to submit proposed findings of fact and conclusions of law to the district court for de novo review." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1100-01 (2d Cir. 1993); *see also Stern v. Marshall*, 564 U.S. 462, 471 (2011) ("In noncore proceedings, the bankruptcy courts instead submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment."). Thus, Plaintiffs' state law fraud claim against the Non-Debtors will necessarily wind-up back before the District Court. For sake of equity, though, the matter should be remanded now to avoid unnecessary use of the court's and parties' resources.

Furthermore, "[b]ecause non-core claims do not implicate the essence of federal bankruptcy power, [ ] courts [should] consider such classification of a claim in deciding whether to grant an equitable remand." *Shiboleth*, 412 B.R. at 117 (S.D.N.Y. 2009) (denying motion to transfer and granting motion to remand); *Whitney Lane Holdings, LLC v. Don Realty, LLC*, 2010 U.S. Dist. LEXIS 29778, at *22 (N.D.N.Y. Mar. 26, 2010) (same).

## C. The *Drexel* Factors Weigh In Favor of Remand.

On a motion for equitable remand, courts in this Circuit typically consider the following factors: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. *Drexel*, 130 B.R. at 407; *9281 Shore Rd. Owners Corp. v. Seminole Realty Co. (In re 9281 Shore Rd. Owners Corp.)*, 214 B.R. 676, 696 (Bankr. E.D.N.Y. 1997) ("The standard employed by courts in the Second Circuit for determining whether to grant a request for remand on equitable grounds under § 1452(b) was stated in *Drexel*, 130 B.R. at

5

407.").  *See also AEG Liquidation Trust v. Toobro NY LLC (In re Am. Equities Group, Inc.)*, 460

B.R. 123, 128 (Bankr. S.D.N.Y. 2011) (applying the *Drexel* factors, and finding remand of

adversary proceeding was appropriate).

### 1. Remanding This Matter Will Aid The Efficient Administration Of The Bankruptcy Estate.

Remanding this matter will aid the efficient administration of the bankruptcy estate.  As

the court found deciding the motion to remand in *In re 9281 Shore Rd. Owners Corp.*,

"Significantly, the state law claims presented by the [ ] Adversary Proceeding do not require any

'special expertise' of the Bankruptcy Court.  Indeed, the expertise of the State Court would

certainly effect a more efficient estate administration since state court judges are very familiar

with the New York law which addresses claims such as breach of fiduciary duty and fraud….  In

the instant case, it is undisputed that State Court Judge Yoswein was familiar with the issues

involved in the removed [ ] Adversary Proceeding."  214 B.R. at 696.  *See also Everett v. MCI,*

*Inc. (In re WorldCom, Inc.)*, 2008 U.S. Dist. LEXIS 47596, at *16-17 (S.D.N.Y. June 18, 2008)

(finding non-core claims "concern[ed] the administration" of the bankruptcy estate in "only the

broadest sense" and that "[a] ruling on whether MCI engaged in an unlawful billing practice will

bear no direct impact on the administration of MCI's estate."); *Kerusa Co. LLC v. W10Z/515*

*Real Estate Ltd. P'ship*, 2004 U.S. Dist. LEXIS 8168, at *12 (S.D.N.Y. May 6, 2004) (ordering

remand in part because "the claims of these plaintiffs will have to be resolved and either denied

or reduced to a [specific] amount before there can be any effect on the bankruptcy estate").

Similarly, here, the claim at issue is a New York common law fraud claim against Non-

Debtors.  Judge Castel, the District Court judge, is already extremely familiar with the substance

of the claims and has decided several motions and discovery disputes between the parties.  In

contrast, to add to the bankruptcy court's docket the detailed examination of whether specific

6

pre-petition representations made by Non-Debtors constitute fraud under New York common

law (as Judge Castel already examined in denying Non-Debtor's Rule 12 motion to dismiss) and

resolve the myriad discovery disputes between two groups of non-debtors (i.e., Plaintiffs and

Buxbaum/Drozdowski) over a non-core claim would hinder not aid the efficient administration

of the bankruptcy estate.

As the court found in *Drexel*, retention of the removed matter by the bankruptcy court

"could detract from the efficient administration of the estate and impose an unnecessary burden

on the Bankruptcy Court by requiring the bankruptcy court to expend time and resources on the

state law action that could otherwise be spent administering to the estate." *Drexel*,130 B.R. at

408. *See also ResCap Liquidating Trust v. RBC Mortg. Co.*, 2014 U.S. Dist. LEXIS 123038, at

*6 (S.D.N.Y. July 18, 2014) ("This is the threshold question because in non-core matters,

bankruptcy courts cannot issue final judgments or orders; their proposed findings of fact and

conclusions of law must be reviewed de novo by a district court. This additional step impedes

efficiency and uniformity as the very same issues are reviewed a second time by a second

court."); *Dynegy v. Danskammer, LLC v. Peabody COALTRADE Int'l Ltd.*, 905 F. Supp. 2d 526,

532 (S.D.N.Y. 2012) ("[If] a district court must review recommendations de novo, it would be

inefficient to allow the [adversary] proceedings to go forward, knowing that they will have to be

substantially repeated.") (internal citations and quotations omitted); *DeWitt Rehab. & Nursing

Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 593 (S.D.N.Y. 2012) (finding because district

court would need to review *de novo* any findings by the bankruptcy court in non-core

proceedings, the "duplicate reviews of the contracts and facts are costly and time-consuming and

unnecessarily expend judicial resources."). Here, it would be entirely wasteful and inefficient for

the courts and the parties to have the bankruptcy oversee this non-core dispute between non-debtors, when the District Court will have to undertake a *de novo* review.

### 2. State Law Predominates, As The Only Cause Of Action At Issue Is A Claim Of Fraud Under New York Common Law.

The second *Drexel* factor clearly weighs in favor of remand.  As in *In re Am. Equities Group, Inc.*, 460 B.R. at 129, "The claims in this Adversary Proceeding all center on state law; no cognizable bankruptcy issues remain."  The claim at issue in this proceeding is fraud, under New York common law, alleged against the Non-Debtors (indeed, all the causes of action in the Complaint are state law claims).  There is absolutely no issue of federal law or bankruptcy law. "The predominance of state law issues therefore weighs heavily in favor of remand."  *Id.  See also Buechner v. Avery*, 2005 U.S. Dist. LEXIS 13735, at *17 (S.D.N.Y. Feb. 14, 2005) ("Only state law claims [including common law fraud] are asserted, all purportedly arising under New York law…This factor weighs in favor of remand"); *Kerusa*, 2004 U.S. Dist. LEXIS 8168, at *6 (remanding "perfectly ordinary state-law actions that invoke no aspect of bankruptcy law, that proceed against numerous defendants who are not in bankruptcy and who are jointly and severally liable for all claims and that, even as to the bankrupt defendant, concern actions taken long before the bankruptcy filing"); *Digital Satellite Lenders, LLC v. Ferchill*, 2004 U.S. Dist. LEXIS 15736, at *15 (S.D.N.Y. Aug. 10, 2004) (ordering equitable remand where the "action turns entirely on questions of New York law [including common law fraud"); *Longacre Master Fund, Ltd. v. Telecheck Servs. (In re Casual Male Corp.)*, 317 B.R. 472, 479 (Bankr. S.D.N.Y. 2004) (granting equitable remand and finding, "determination of whether or not a matter is core is not determinative of decisions as to discretionary remand or discretionary abstention.  What is more important is that state law issues predominate.").

**3.   This Matter Involves Complicated Issues Of How New York Courts Have Applied Common Law Fraud Against Corporate Officers.**

The basic elements of fraud under New York common law are well-settled.  However, application of that law becomes more difficult when applied to allegations against corporate officers, who generally are not liable for acts committed in their corporate capacity.  *See Interstate Foods, Inc. v. Lehmann*, 2009 U.S. Dist. LEXIS 109367, at *6-7 (S.D.N.Y. Nov. 20, 2009) ("under New York law a corporate officer generally cannot be held personally liable for the debts of a corporation. There is an exception if a corporate officer is personally involved in a fraud.").  Indeed, the Non-Debtors have already argued that they could not be held liable under New York law on that basis.  Judge Castel addressed this issue in the District Court's denial of the Non-Debtors' motion to dismiss.  Detailed examination of this area of New York common law, though, undoubtedly will arise again in the litigation.  Thus, the third *Drexel* factor also weighs in favor of remand.

**4.   Comity Is Not A Significant Factor Here.**

"Comity focuses on the state's interest in developing its law and applying its law to its citizens."  *In re Am. Equities Group, Inc.*, 460 B.R. at 130.  Here, the matter was commenced in the United States District Court, Southern District of New York, as Hampshire was based in New York and certain of the misrepresentations were made in New York.  Since this matter was never filed in the state courts, considerations of comity between the state and federal courts are not significant here, although the fact that the allegations involved misrepresentations made in New York does give New York a public interest in the matter.

**5.    The Fraud Claim Against The Non-Debtors Is Only Remotely Related, If At All, To The Main Bankruptcy Case.**

The issue in this adversary matter concerns specific representations made to the Plaintiffs by the Non-Debtors, long before the bankruptcy petition was filed.  This matter will require discovery of communications with Plaintiffs and depositions of Plaintiffs and the Non-Debtors. None of that is necessary or even related to the main bankruptcy case.  Rather, the issues concerning the bankruptcy estate are: (1) re-paying the loan to the sole secured lender; (2) liquidating the Debtors' few remaining assets; (3) collecting the Debtors' accounts receivables; (4) confirming a bankruptcy plan; and (5) determining and paying, to the extent possible, unsecured creditors.  None of that involves adjudicating a state law fraud claim against the Non-Debtors.

In their removal papers, Hampshire alleged that there were two links, albeit remote, to the bankruptcy estate.  Hampshire first argued that it is required to indemnify the Non-Debtors, who may in turn file a proof of claim.  While it is far from clear that any claim for indemnification for the pre-petition fraud claim would be allowed, that will not be decided and is not at issue in this litigation.  Moreover, any such claim for indemnification would merely be a contingent, unliquidated claim by unsecured creditors, not entitled to any preference.  *See In re Amfesco Indus., Inc.*, 81 B.R. 777, 784 (Bankr. E.D.N.Y. 1988) (finding post-petition legal fees incurred by the officers and directors in defending actions against them in their official capacities were not entitled to status of administrative expense status under § 503(b)(1)(A) because the expenses did not arise from a post-petition cause of action against the debtor); *In re Mid-American Waste Systems, Inc.*, 228 B.R. 816, 821-22 (Bankr. D. Del. 1999) (holding that indemnification claim arising under certificate of incorporation for pre-petition actions of debtor's officers was pre-petition claim and may not be claimed as an administrative expense); *see also In re G-I*

10

*Holdings, Inc.*, 308 B.R. 196, 210 (Bankr. D.N.J. 2004) ("In this instance, the Debtor's liability

for indemnification or contribution arose at the time the [ ] Agreement was executed, almost six

years before the filing for bankruptcy. The fact that the Debtors obligation to indemnify [ ]

continues to accrue post-petition does not transform the obligation into an administrative

expense.").

Moreover, courts in this district have held that the possibility of an indemnification claim

does not warrant the bankruptcy court retaining a matter.  *See, e.g.*, *Digital Satellite Lenders*,

2004 U.S. Dist. LEXIS 15736, at *16 ("In other cases involving state law actions that potentially

implicate claims for indemnification, courts have held that if defendants 'acquire an

indemnification claim, [they] can assert it in the bankruptcy case,' and jurisdiction should not be

retained on that basis." (granting motion for equitable remand) (quoting *In re Masterwear Corp.*,

241 B.R. 511, 521 (Bankr. S.D.N.Y. 1999)).

Hampshire, secondly, argues that that a final judgment or order in this matter "might"

have claim or issue preclusion effect or give rise to inconsistent judgments.  That argument fails,

too, for several reasons.  First, as Hampshire points out, Plaintiffs' causes of action against the

Debtors are automatically stayed under 11 U.S.C. § 362.  Thus, the validity of Plaintiffs'

unsecured claim against the bankruptcy estate will not be determined in this matter.  Second,

since the Debtors will not be participating in the trial of the fraud claim, there will not be any

binding or preclusive effect on them.  Third, the determination of whether the Non-Debtors

committed fraud is not at issue in the bankruptcy proceeding.

More significantly, though, the bankruptcy court cannot issue any final orders or

judgments in this matter; only the District Court can.  *In re Orion Pictures Corp.*, 4 F.3d at 1100-

01; *Stern*, 564 U.S. at 471.  Thus, whether this matter is remanded now back to the District Court

11

to continue its oversight of discovery as to whether the Non-Debtors committed fraud or if this

matter is kept by the bankruptcy court to oversee that discovery and then returned to the District

Court for a jury trial and final judgment, only the District Court will be issuing any final

judgment or order.

As the court found in *In re Casual Male Corp.*, 317 B.R. at 481, "this is not a situation

where a determination must be made under [bankruptcy law or rules], as a predicate for further

action in connection with the administration of the estate. Thus, the Court finds that this factor

likewise weighs in favor of remand."

### 6. Plaintiffs' Right To A Jury Trial On Their New York Fraud Claim Weighs Heavily In Favor Of Remand.

Highly relevant to the consideration of the *Drexel* factors is the court's decision in *Drexel*

itself.  There, the court found:

> *Demands for jury trials in non-core proceedings have been considered a sufficient ground for an equitable remand.*

*Drexel*, 130 B.R. at 409 (emphasis added).  *See also Kerusa*, 2004 U.S. Dist. LEXIS 8168, at *20

("Because a bankruptcy court cannot conduct a jury trial absent special designation by the

district court and the consent of all parties, 28 U.S.C. § 157(e), the presence of a Seventh

Amendment jury trial right in a removed action weighs heavily in favor of remand."); *Digital

Satellite Lenders*, 2004 U.S. Dist. LEXIS 15736, at *18 ("where the action is only remotely

related, the potential denial of the right to jury trial is significant."); *Scherer v. Carroll*, 150 B.R.

549, 552 (D. Vt. 1992) ("Appellant has demanded a jury trial, which is, in and of itself, sufficient

grounds for an equitable remand in a noncore proceeding."); *Am. Coal Co. v. Enron N. Am.

Corp. (In re Enron Corp.*, 2003 U.S. Dist. LEXIS 19543, at *7, n 3 (S.D.N.Y. Nov. 4, 2003)

("Bankruptcy judges cannot conduct jury trials in non-core proceedings.") (citing 28 U.S.C.

12

§ 157(e); *In re Orion Pictures Corp.*, 4 F.3d at 1101)).  Here, Plaintiffs have demanded a jury

trial and are entitled to a jury trial.  Lash Decl., Ex. A.  Thus, this factor weighs heavily and, in

accordance with *Drexel,* decidedly in favor of remand.

**7.  Hampshire's Removal Of This Matter Causes Significant Prejudice To Onewoo.**

Removal of this matter causes significant prejudice to Onewoo, the involuntarily

removed party.  Removal (and transfer) will add significant expense and delay, particularly given

that any findings of the bankruptcy court would be subject to *de novo* review by the District

Court.  Although Plaintiffs are Korean corporations, they have an affiliate office in New York

and their counsel in this matter is in New York.  Furthermore, if this matter is litigated in

Delaware, both Plaintiffs and the Non-Debtors will need to retain local counsel in Delaware, at

additional and unnecessary expense -- which, to the extent Non-Debtors are entitled to

indemnification as Hampshire indicates, would only increase the amount of their claim against

the bankruptcy estate.  *See Kerusa*, 2004 U.S. Dist. LEXIS 8168, at *21-22 (finding that

involuntarily removed parties "unquestionably will be prejudiced by the greater expense and

difficulty of litigating over 600 miles away from where the actions were filed and where of the

relevant events took place); *Schumacher v. White*, 429 B.R. 400, 408 (E.D.N.Y. 2010) ("Plaintiff

faces significant prejudice: if the case is referred, plaintiff may lose his right to a jury trial, and

defendant [ ] may be able to take advantage of bankruptcy protection afforded to the third-party

defendants…. This weighs in favor of remand."); *Bevilacqua v. Bevilacqua*, 208 B.R. 11, 17

(E.D.N.Y. 1997) ("the non-bankrupt parties to the state action would be prejudiced by delay

absent a remand.") (Weinstein, J.) (granting motion to remand).

Furthermore, "[l]itigating the removed action to judgment would unquestionably 'unduly

delay the administration of the [bankruptcy] case.'" *Bayerische Landesbank v. Deutsche Bank*

13

*AG (In re Residential Capital, LLC)*, 488 B.R. 565, 577 (Bankr. S.D.N.Y. 2013). *See also*

*Montague Pipeline Techs. Corp. v. Grace/Lansing (In re Montague Pipeline Techs. Corp.)*, 209

B.R. 295, 300 (Bankr. E.D.N.Y. 1997) ("If this Court were to occupy itself with the remaining

portion of an essentially state court action, it would actually impede the efficient administration

of the bankruptcy estate as significant delay might result from this Court's full docket.").

For all of the foregoing reasons, this matter should be remanded back to the District

Court pursuant to 28 U.S.C. § 1452(b).[3]

## II.   THE MOTION TO TRANSFER VENUE SHOULD BE DENIED.

Hampshire's motion to transfer this matter to the District of Delaware should be denied.

As discussed above, this matter should be remanded back to the United States District Court for

the Southern District of New York, where Judge Castel has already made a number of significant

rulings and closely overseen discovery.

In addition to the reasons justifying remand (or permissive abstention), transfer is

inappropriate in any event. "The burden is on the movant to show by a preponderance of the

evidence that the transfer of venue is warranted." *In re Enron Corp.*, 284 B.R. 376, 386 (Bankr.

S.D.N.Y. 2002). Change of venue is allowed, under 28 U.S.C. § 1404(a), "[f]or the convenience

of parties and witnesses, in the interest of justice, . . . to any other district or division where it

might have been brought or to any district or division to which all parties have consented."

Plaintiffs have not consented to transfer, and this action could not have been brought in that

---

[3] Alternatively, this court could permissively abstain from hearing this matter and return it to the
District Court on that basis, pursuant to 28 U.S.C. § 1334(c)(1). The grounds for permissive
abstention and equitable remand are materially the same. *See Blackacre Bridge Capitol LLC v.
Korff (In re Riv. Ctr. Holdings)*, 288 B.R. 59, 61, n 2 (Bankr. S.D.N.Y. 2003); *N.Y. City Emples.
Ret. Sys. v. Ebbers (In re Worldcom, Inc. Sec. Litig.)*, 293 B.R. 308, 334 (S.D.N.Y. 2003).

district, since the Non-Debtors do not work or reside in Delaware and none of the alleged fraud

occurred there (and thus, the Delaware courts would not have had personal jurisdiction over

them).

Hampshire also argues that Rule 7087 of the Federal Rules of Bankruptcy Procedure

allows for transfer of venue in accordance with 28 U.S.C. § 1412, which provides for transfer of

venue from one district court to another district court, in the court's discretion, in the interest of

justice or for the convenience of the parties. However, transfer of this matter would neither serve

the interests of justice nor be convenient for the parties.

As many courts have found, a litigant's attempt at forum shopping is antithetical to the

interests of justice. *See In re Patriot Coal Corp.*, 482 B.R. 718, 752 (Bankr. S.D.N.Y. 2012)

("That is not a request for justice…. It is forum-shopping."); *Equipos Nucleares, S.A. v. Fairfield

Energy Venture, L.P.*, 1989 U.S. Dist. LEXIS 556, at *7 (S.D.N.Y. Jan. 23, 1989) (interest of

justice weigh against allowing party to forum shop); *Molnar v. Nortek, Inc.*, 1999 U.S. Dist.

LEXIS 5137, at *7 (W.D.N.Y. Mar. 25, 1999) ("in light of Nortek's having attempted to forum-

shop, the interests of justice call for the denial of its motion to transfer."). Here, Judge Castel has

been deeply involved in discovery and has made several rulings adverse to the Non-Debtors (and

to Hampshire). Hampshire's request to transfer venue, when there is no benefit to the

bankruptcy estate since the dispute is between the Non-Debtors and (non-debtor) Plaintiffs,

"smacks of forum shopping", not justice. *Equipos Nucleares*, 1989 U.S. Dist. LEXIS 556, at *7.

Additionally, a transfer would not promote the efficient administration of the bankruptcy

estate or serve the interests of judicial economy. To the contrary, bogging down the

administration of the bankruptcy estate with discovery on the state law fraud claim and likely

motion practice would only serve to delay and distract from the administration of the bankruptcy estate, and to make it more expensive for all involved.

Judicial economy also will not be served, since this matter will need to be returned to Judge Castel for jury trial and final judgment, requiring *de novo* review of any interim orders or recommendations of the Delaware bankruptcy court.

Furthermore, there are likely non-party witnesses who would not be within the subpoena power of the Delaware courts. For example, Drozdowski is, and was during the relevant times, employed by a Livingston, New Jersey company named GRL Capital. In addition to his meeting with Plaintiffs at Hampshire's New York headquarters, he sent emails to Plaintiffs from his GRL account and may have spoken to his GRL colleagues about relevant issues. Therefore, it will likely be necessary to subpoena GRL for trial, but that will not be possible if this matter is transferred since GRL is located more than 100 miles from the Wilmington, Delaware (but not more than 100 miles from the Southern District of New York). *See OCB Rest. Co., LLC v. Vlahakis (In re Buffets Holdings, Inc.)*, 397 B.R. 725, 729 (Bankr. D. Del. 2008) (finding that ability of court to subpoena potential non-party witnesses is relevant to consideration of motion to transfer venue; noting that Fed. R. Bankr. P. 9016 incorporates Federal Rule of Civil Procedure 45(b)(2), which limits the court's subpoena power to a 100-mile radius from the courthouse).

New York also has an interest in this matter, given that many of the misrepresentations at issue were made in New York, while none were made in Delaware. Indeed, Delaware has no connection to this matter other than long ago Hampshire filed incorporation papers there. None of the parties has any offices, employees, or any significant connection to Delaware, unlike New York. Also, Plaintiffs' choice of forum should be accorded deference. *See In re Optimal U.S.*

16

*Litig.*, 837 F. Supp. 2d 244, 253 (S.D.N.Y. 2011) ("Although foreign plaintiffs are generally accorded less deference in their selection of a forum, even foreign plaintiffs are accorded deference where their choice of forum is based on 'valid reasons, such as convenience.'").  This matter was filed in New York, where Hampshire at the time had its headquarters, where Non-Debtors personally met with Plaintiffs, and where Plaintiffs' have their U.S. affiliate-office.

New York is also far more convenient than Delaware as a venue.  Although Plaintiffs are Korean corporations, they have an affiliate office in New York and travel here on business (including for their meeting with the Non-Debtors).  And Plaintiffs' counsel is in New York. Requiring all the parties to retain local Delaware counsel (while Hampshire's counsel has an office in Delaware, and New York, neither Plaintiffs' counsel nor Non-Debtors' counsel have offices in Delaware nor are admitted in Delaware) only serves to add unnecessary expense and inconvenience.  Drozdowski, according to Hampshire's counsel, lives in Northern New Jersey, in the New York City suburbs.  Non-party and likely witness, GRL, Drozdowski's employer, is also in the New York City suburbs.  This all weighs in favor of the action remaining in New York and denying Hampshire's motion to transfer.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' respectfully request that the Court deny

Hampshire's motion to transfer venue and grant Plaintiffs' motion to equitably remand this

matter back to the United States District Court for the Southern District of New York.

Dated:  New York, New York
      February 21, 2017

                                 HUR & LASH, LLP


                                 By:   /s/ Robert L. Lash
                                        Robert L. Lash
                                        Scott K. Hur
                                 *Attorneys for Plaintiffs*
                                 390 Fifth Avenue, Suite 900
                                 New York, NY 10018
                                 T: (212) 468-5590
                                 F: (212) 468-6699
                                 rlash@hlnylaw.com
                                 shur@hlnylaw.com