| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | For Publication |

```
------------------------------------------------------ :
                                                       :
In re                                                  :
                                                       :
ONEWOO CORPORATION, and                                :
V.J.ONE CORPORATION,                                   :
                                                       :
                              Plaintiffs               :
                                                       :
              v.                                       :   Adv. Pro. No. 17-01008 (MEW)
                                                       :
HAMPSHIRE BRANDS, INC.,                                :
HAMPSHIRE GROUP, LIMITED,                              :
PAUL BUXBAUM and                                       :
WILLIAM DROZDOWSKI,                                    :
                                                       :
                              Defendants.              :
------------------------------------------------------ :
```

**BENCH DECISION REGARDING MOTIONS TO TRANSFER VENUE
OF ADVERSARY PROCEEDING OR TO REMAND IT TO DISTRICT COURT**

A P P E A R A N C E S :

Blank Rome LLP
*Counsel for the Defendants*
405 Lexington Avenue
New York, New York 10174
  By:  Leon R. Barson, Esq.

Hur & Lash, LLP
*Counsel for the Plaintiffs*
390 Fifth Avenue, Suite 900
New York, NY 10018
  By:  Robert L. Lash, Esq.

MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

  Hampshire Brands, Inc. and Hampshire Group, Ltd. are debtors in chapter 11 cases that

are pending in the United States Bankruptcy Court for the District of Delaware.  I will refer to

them as the Debtors from time to time. Hampshire Brands and Hampshire Group also are defendants in a civil action that was filed in the United States District Court for the Southern District of New York. That lawsuit was filed by Onewoo Corporation and V.J.One Corporation as plaintiffs. I will refer to them collectively as Onewoo, and to the case as the Onewoo Action. In so doing, I do not mean to combine the two plaintiffs or to suggest that they should be treated as one entity; it is just for ease of reference, as referring to them as one entity rather than two really makes no difference to this particular set of motions.

The Onewoo Action is case number 16-CV-04623 in the District Court. It was filed in June 2016, and pre-dates the bankruptcy filings. In addition to Hampshire Brands and Hamphire Group, the complaint in the Onewoo Action also names two officers as defendants; those individuals are Paul Buxbaum and William Drozdowski. Onewoo claims that one or both of the Debtors owes Onewoo more than $4.5 million for merchandise that was delivered to the Debtors in May 2016. The first five causes of action are only against Hampshire Group and Hampshire Brands. They seek payment for goods based on claims of breach of contract, unjust enrichment, estoppel, section 2-709 of the Uniform Commercial Code, and theories of account stated. The sixth cause of action in the complaint in the Onewoo Action also alleges that the individual defendants lied about the Debtors' financing and the Debtors' ability - and perhaps their intent - to pay for the goods. Plaintiffs allege that they relied on these misrepresentations, and based on these allegations, they assert fraud claims against all of the defendants.

On November 23, 2016, Hampshire Brands and Hampshire Group filed voluntary chapter 11 petitions in Delaware. On January 19, 2017, the Debtors filed a notice of removal with this Court, seeking to remove the Onewoo Action from the District Court for the Southern District of New York to the Bankruptcy Court for the Southern District of New York. The Debtors also

2

filed a motion to transfer the Onewoo Action to the Delaware Bankruptcy Court. Onewoo submitted a letter motion, contending that the removal procedure was improper; that letter motion is docket no. 73 on the District Court's docket. However, Judge Castel did not rule on that submission. Instead, Judge Castel signed an order on January 24, 2017, that referred the matter to the Bankruptcy Court; that order is docket no. 78 on the Southern District of New York District Court docket. The order says that the referral is "[w]ithout prejudice to the right of any party to move (a) to remand, or (b) transfer to the District of Delaware."

Subsequently, Onewoo filed papers urging me to remand the Onewoo Action to the District Court. The Debtors argued that I should, instead, transfer the case to the Delaware Bankruptcy Court, and let the Delaware Bankruptcy Court decide whether remand should occur.

I therefore have before me a tangled set of issues regarding removal procedures, references from the District Court, and the statutes that govern transfers of actions that are related to bankruptcy cases. I addressed some of these matters at a prior hearing on February 28, 2017, and for the sake of completeness I will summarize the comments I made then, and also formalize my rulings on a few of the legal issues that were raised at that time.

As I mentioned, the Debtors have asked me to transfer the Onewoo Action to the Delaware Bankruptcy Court. In their initial papers, they urged that I do so pursuant to section 1412 of title 28 of the United States Code, which says that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district in the interest of justice or for the convenience of the parties." Title 11, which is referred to in that passage, of course, is a reference to the Bankruptcy Code.

The wording of section 1412 differs from many other sections of title 28 that relate to bankruptcy cases and to bankruptcy-related matters. Section 1334 of title 28 says, for example,

3

that the district courts have jurisdiction over "civil proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(b). In addition, the bankruptcy court is a "unit" of the district court under section 151 of title 28, and the district court may refer civil proceedings "arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges pursuant to section 157(a) of title 28. Both section 1334 and section 157 refer to cases and proceedings arising "under" title 11 or "arising in or related to" cases under title 11. However, section 1412 only refers to transfers of cases or proceedings "under" title 11. There is no reference in section 1412 to cases or proceedings "arising in" or "related to" cases under the Bankruptcy Code.

Here, the Onewoo Action is not a proceeding "under" the Bankruptcy Code. A case arises "under" title 11 if it is the main bankruptcy case itself or if a proceeding asserts causes of action that are created by the Bankruptcy Code. That is not the case here. This case is based on allegations of common law fraud, breach of contract, and other theories that I summarized before. The complaint in the Onewoo action does not assert claims created by the Bankruptcy Code and in fact the action was filed when no bankruptcy case was pending.

There may be an argument that Onewoo's claims against the two Debtors themselves are now core matters to be resolved in Delaware, but no such argument can be made as to the fraud claims against the individual defendants who are not debtors in any bankruptcy case. The whole purpose of the motions pending before me is to move the cases filed against the individual defendants. The automatic stay has made the Onewoo Action irrelevant as to the Debtors themselves. At most, the claims against the individual defendants are "related to" the bankruptcy cases pending in Delaware. The Debtors have conceded that point in the course of the argument of the motions that are before me.

There are some court decisions, in the Third Circuit and elsewhere, that have held that Section 1412 grants authority for the transfer of actions that are "related to" a bankruptcy case. *See*, *e.g.*, *Maritime Electric Co. v. United Jersey Bank*, No. 90-6057, 1992 U.S. App. LEXIS 5144, at *11-12 (3d Cir. March 24, 1992) (approving a transfer of a "related to" proceeding under Section 1412); see also *O'Brien v. Gladstone*, No. 13-cv-6578, 2014 U.S. Dist. LEXIS 89284, at * 9 (D. N.J. July 1, 2014) (holding that the statute only refers to matters under title 11, but referring to the *Maritime* decision as authority for the application of Section 1412 to "related to" cases). The Collier's treatise apparently agrees with this approach. *See* 1-4 COLLIER ON BANKRUPTCY ¶ 4.05[1] (16th 2017) (stating that "[s]ection 1412 of title 28 applies to changes of venue both of (a) cases under title 11 and (b) civil proceedings arising under title 11, or arising in or related to cases under title 11").

However, the *Maritime* decision contains no real analysis of the issue and no discussion at all of the fact that Section 1412 by its terms applies only to cases arising "under" the Bankruptcy Code. The Second Circuit Court of Appeals has not ruled on this issue, but there is a very long line of decisions in the District Court of this district holding that Section 1412 only applies to cases arising "under" the Bankruptcy Code, and that the transfer of cases that are "related to" a bankruptcy case may only be made Section 1404(a) of Title 28. *See*, *e.g.*, *ICICI Bank Ltd. v. Essar Global Fund Ltd.*, No. 16-cv-7836, 2017 U.S. Dist. LEXIS 4839, at * 11 (S.D.N.Y. January 12, 2017) (holding that Section 1404(a) applies to "related to" claims and Section 1412 to core proceedings that arise under the Bankruptcy Code); *Credit Suisse AG v. Appaloosa Inv. Ltd. P'ship I*, No. 15-cv-3474, 2015 U.S. Dist. LEXIS 120020, at * 20 (S.D.N.Y September 9, 2015) (holding that Section 1412 applies to bankruptcy cases and core proceedings, but that Section 1404(a) applies to non-core matters). The *ICICI* and *Credit Suisse* decisions cite

5

to many prior decisions, but it is not necessary to list them all here. Based on our research, this has been a long-standing and consistent interpretation of Section 1412 in this district.

The case law makes clear that the standards that courts apply in ruling on transfer motions under Sections 1404(a) and 1412 are mostly the same. *See*, *e.g. Northwest Airlines, Inc. v. Los Angeles (In re Northwest Airlines, Inc.)*, 384 B.R. 51, 60 n.1 (S.D.N.Y. 2008) and cases cited therein. But there is one big difference. Under Section 1404(a), transfer is not permitted unless the transferee district is one where the action "might have been brought" in the first place, unless all parties consent to the transfer. 28 U.S.C. § 1404(a).

Here, the plaintiffs do not consent to a transfer, so I cannot transfer the case to Delaware unless it could have been filed there in the first instance. The individual defendants in the Onewoo Action favor the transfer motion and do not object to a transfer to Delaware, but the Supreme Court held long ago that this post-filing "consent" to a transfer is not sufficient to establish, under Section 1404(a), that the case could have been filed in Delaware in the first instance. Instead, the requirement that the transferee district be a place where the case could have been brought means that the transferee district must be a place where the plaintiffs, as a matter of right, could have filed the action in the first place. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). The Supreme Court held:

> We do not think the Section 1404(a) phrase "where it might have been brought" can be interpreted to mean, as petitioner's theory would require, "where it may now be re-brought with defendant's consent." We do not see how the conduct of the defendant after suit has been instituted can add to the forums where it might have been brought. In the normal meaning of words, this language of Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted.

As of the prior hearing on February 28, the Debtors had not offered reason to believe that the Onewoo action could have been filed in Delaware. The Debtors argued that they were Delaware entities and therefore they themselves could have been sued in Delaware, but the real

6

issue here is whether the individual defendants could have been sued in Delaware. The complaint alleges that the individual defendants reside in New Jersey and California, not Delaware, and that allegation has not been contested.

I pointed out these issues on February 28. On the other hand, it was plain that the Debtors had primarily relied on Section 1412 in their moving papers. As noted above, Section 1412 would have been available under Third Circuit authority. Neither party had really argued that transfer could only be considered under Section 1404(a). I therefore gave the parties additional time to brief the question of whether the Onewoo action could have been filed in Delaware rather than in New York.

As an aside, it seems clear to me that the relevant question is whether the case could have been filed in the District Court in Delaware, although I have been asked to transfer directly to the Bankruptcy Judge who is handling the Delaware bankruptcy cases. Plainly the Onewoo Action could not have been filed before a bankruptcy judge in Delaware in June 2016; there was no bankruptcy case pending at that time. However, if I were to transfer the proceeding to the District Court in Delaware, it of course could then refer the matter to the Bankruptcy Court.

I have received and reviewed the parties' submissions on the question of where the lawsuit could have been filed in June 2016. The Debtors argue that the federal courts have diversity jurisdiction, which is a point conceded by Onewoo. Indeed, I understand it is the basis that was asserted for subject matter jurisdiction in the Southern District of New York complaint.

The Debtors also argue that the Delaware District Court has personal jurisdiction over the two individual defendants because under Delaware law a director is deemed to have consented to personal jurisdiction in Delaware by virtue of the provisions of the Delaware Code. More specifically, 10 Delaware Code § 3114(b) provides that a non-resident officer is deemed "to have

7

consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as an agent upon whom service of process may be made" in all civil actions or proceedings brought in Delaware "by or on behalf of, or against such corporation, in which the officer is a necessary or proper party," as well as "in any action or proceeding against such officer for violation of a duty in such capacity."

The Delaware Supreme Court has given a broad interpretation to Section 3114(b). *See Hazout v. Tsang Mun Ting* 134 A.3d 274, 277 (Del. 2016). However, I do not really need to decide if personal jurisdiction exists on this theory because subject matter and personal jurisdiction are not the only points to consider in deciding whether the Onewoo Action could have been filed in the Delaware District Court in June 2016. As a matter of federal law, one must also consider the venue statute. *See Ace Am. Ins. Co. v. Bank of the Ozarks*, No. 11 Civ. 3146, 2012 U.S. Dist. LEXIS 110891, at *27-28 (S.D.N.Y. August 6, 2012).

Venue is governed by Section 1391(b) of title 28, which says that an action may be brought only in the following places:

- Under subpart (1), a judicial district "in which any defendant resides," if all defendants are residents of the State where that district is located;

- Under subpart (2), a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated;" or

- Under subpart (3), a judicial district "in which any defendant is subject to the court's personal jurisdiction," but only if "there is no district in which an action may otherwise be brought as provided in this section."

8

In this case the parties concede that the defendants do not all reside in the same state, so subpart (1) of Section 1391(b) does not apply. Onewoo says that the Southern District of New York is where a substantial part of the relevant events occurred and that the Southern District of New York is therefore a proper venue under Section 1391(b)(2). The allegations of the complaint regarding these matters have prima facie validity and, in the absence of competing affidavits, the Court is entitled to rely on those allegations in ruling on venue-related issues. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005); *TSIG Consulting, Inc. v. ACP Consulting LLC*, No. 14 Civ. 2032, 2014 WL 1386639, at *2 (S.D.N.Y. April 9, 2014).

Here the allegations in the complaint make out a prima facie case that New York is a proper venue under Section 1391(b)(2). The complaint in the Onewoo Action alleges that the Debtors had their principal office in New York; that the two individual defendants had offices in New York; and that misrepresentations were made at a face-to-face meeting that occurred in New York. There are also allegations in the complaint about email and telephone communications that are not accompanied by allegations about where the parties were located or where those communications occurred. However, there is a general allegation that venue is proper in New York because a substantial part of the events or omissions giving rise to the claim occurred in New York, and as I mentioned there is an allegation of at least one instance of a face-to-face misrepresentation allegedly occurring in New York City. On the whole, this is sufficient to support venue in New York.

Since venue is proper in the Southern District of New York under Section 1391(b)(2), I cannot turn to subpart (3) of Section 1391(b), which would permit venue where any defendant is subject to personal jurisdiction. That is because by its terms Section 1391(b)(3) is only available if venue is not otherwise proper in any court, under one of the prior subparts of Section 1391(b).

9

Since the Southern District of New York is an available district under subpart (2), Delaware cannot be designated as an available venue under subpart (3).

In theory, Delaware could also be a place where the action originally could have been filed under Section 1391(b)(2) if Delaware, in addition to New York, were also a place where a substantial part of the events or omissions giving rise to the claim occurred. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 431-32 (2d Cir. 2005) (holding that Section 1391(b)(2) contemplates that venue can be appropriate in more than one district so long as a substantial part of the relevant events took place in each of those districts). But I have no affidavits and no contention to the effect that any relevant event occurred in Delaware.

The burden of showing that the Onewoo Action may be transferred under Section 1404(a) rests with the Debtors, who are seeking the transfer. *See Mohsen v. Morgan Stanley & Co., Inc.*, No. 11 Civ. 6751, 2013 WL 5312525, at *3 (S.D.N.Y. September 23, 2013). The Debtors have not carried that burden and accordingly the transfer motion must fail.

That still leaves me with the remand motion. I do not believe that I have authority to remand the case to the District Court; that is mainly because I do not believe the purported removal of the case had any effect. The reason the case is before me is that Judge Castel referred it to me, not because it was removed from the District Court to this Court by the filing of the removal notice.

There is considerable disagreement in the case law as to the scope of the removal statute and the proper procedure to follow in removing a case. Like many other unsettled matters, the difficulty exists due to the way the bankruptcy courts were constituted in 1984 as units of the district courts.

Section 1452(a) of Title 28 says that with certain exceptions a party may remove "any claim or cause of action in a civil action" to the "district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title." As noted above, Section 1334 gives the district courts jurisdiction over cases and proceedings arising under Title 11, or arising in or related to a case under Title 11. The district courts may then refer such matters to the bankruptcy courts, which are units of the district court.

Some courts have held that bankruptcy courts have the power under Section 1452(a) to remove actions from the United States District Court in the same district. *See, e.g.*, *MATV-Cable Satellite, Inc. v. Leasing Inc.*, 159 B.R. 56, 59-60 (S.D. Fla. 1993) and *In re Philadelphia Gold Corp.,* 56 B.R. 87, 90 (E.D. Pa. 1985) which were cited in papers that the Debtors have filed. However, this is not the majority view. Most courts have held that there is no authority to remove a case from a district court to the bankruptcy court for that same district. *See, e.g.*, *Doyle v. Mellon Bank N.A.*, 307 B.R. 462, 464-65 (E.D. Pa. 2004) and cases cited therein; *see also* 1-3 COLLIER ON BANKRUPTCY ¶ 3.07 (16th 2017) (noting that courts have usually held that the correct procedure is to ask for a reference of a district court action to the bankruptcy court, rather than to seek removal of the district court action).

The majority view is clearly the correct one. Section 1452(a), by its terms, refers to a removal of cases "to" the district court. Cases that hold that a removal may be effected by a bankruptcy court rely on the notion that the bankruptcy court is a unit of the district court under Section 151 of Title 28. Those cases hold that the bankruptcy court therefore is acting as the district court for purposes of exercising the removal power granted in Section 1452(a). However, the whole idea of removal is that a case is being taken from a *different* court. A court

11

cannot remove a case to itself. Judge Koeltl made that clear in his decision in *Harve Benard v. Rothschild*, No. 20 Civ. 4033, 2003 U.S. Dist. LEXIS 2421, at *9 (S.D.N.Y. February 19, 2003).

Accordingly, the courts that have supported the removal of a case from a district court to the bankruptcy court in the same district have, in effect, relied on two inconsistent ideas. First, they rely on the idea that the bankruptcy court is the district court (as a unit of the district court) for purposes of being a court to which a case may be removed. Second, however, they rely on the idea that the bankruptcy court is a different court from the district court, so that a removal of a case to the bankruptcy court makes sense. Those two propositions cannot both be true.

If a removal power exists, in this Court, on the theory that this Court is a unit of the United States District Court for the Southern District of New York, then that removal power cannot be exercised to "remove" a case from the District Court for the Southern District of New York, because the case is already pending in the District Court.[1]

I conclude for the reasons stated above that there was no basis to remove a case from the United States District Court for the Southern District of New York to the United States Bankruptcy Court for the Southern District of New York. As a result, this matter is not before me based on the removal petition. It is before me because Judge Castel referred the matter to me under Section 157 of Title 28, and not because of the removal petition. Since the case was never properly removed to this Court, I have no authority to remand it to the District Court under Section 1452(b). Similarly, I have no authority under Title 28 to turn down or to negate a reference from the District Court. The District Court has the power to withdraw the reference of

---

[1] There is also confusion in the rules and in the case law as to whether removal petitions should be filed with the district court clerk or with the bankruptcy court clerk. *See* 1-3 COLLIER ON BANKRUPTCY ¶ 3.07, n. 15 (16th ed. 2017). The Court expressed some tentative views on this issue when it announced this decision in open court on March 28, 2017, but it is not necessary to rule on the question in this case, and so the Court declines to do so.

12

course, but that power resides with the District Court.  I am without power to return the Onewoo action to the District Court.  In short, the District Judges tell me what to do, not vice versa.

Here a jury has been demanded and there has been no consent to a resolution of the case on the merits by me.  So if the case ultimately proceeds to trial, it will have to be reclaimed by the District Court.  But under the applicable procedural rules the case is before me by virtue of the reference unless and until that reference is withdrawn.  I will enter a separate order to that effect.

Dated: New York, New York
      April 6, 2017

                                **s/Michael E. Wiles**
                                UNITED STATES BANKRUPTCY JUDGE